**AEROGROUP INTERNATIONAL, INC., Plaintiff**

v.

**MARLBORO FOOTWORKS, LTD., Laurence D. Koplan, Steven Goldberg, Gredico Footwear Ltd., Town Shoes Ltd., Bata Industries Ltd., Goldport Enterprises, Inc., Marlboro Footworks Ltd. (Taiwan), Masateru Uehara, Frederick Atkins, Inc., Weiss & Neuman Shoe Co., Melville Corporation, Shoe Carnival, Inc., and National Independent Retailers, Inc., Defendants.**

No. 96 Civ. 2717(DLC).

United States District Court, S.D. New York.

Feb. 11, 1997.

---

Vito R. Vincenti, Bart J. Eagle, Paul J. Vincenti, Law Offices of Vito R. Vicenti, P.C., New York City, for Plaintiff Aerogroup, Int'l, Inc.

Charles R. Hoffmann, Alan M. Sack, A. Thomas Kammer, Hoffman & Baron, Jericho, NY, for Marlboro Defendants.

## OPINION & ORDER

COTE, District Judge:

On April 17, 1996, plaintiff Aerogroup International, Inc. ("Aerogroup"), filed this action alleging violations of several provisions of the Lanham Act, 15 U.S.C. §§ 1114(1), 1120, 1125(a), and 1125(c); the Patent Act, 35 U.S.C. § 271; and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) ("RICO"). Plaintiff also brought various state-law claims. All claims center around alleged violations of plaintiff's intellectual property rights in its Aerosoles shoes.

On October 21, 1996, after a hearing on Aerogroup's application for a preliminary injunction against Marlboro Footworks, Ltd., Laurence .D. Koplan, and Steven Goldberg ("the Marlboro Defendants"), the parties consented to converting the hearing into a trial on the merits. The Court issued its Opinion on October 21, 1996, and signed a permanent injunction reflecting this ruling on November 15, 1996. That Opinion and Order has now been extended by the Opinion and Order of February 4, 1997 to the Marlboro Defendants' activities in Canada insofar as they violate the Lanham Act. Pursuant to their counterclaim and based on the record at trial, the Marlboro Defendants now move for an Order cancelling Aerogroup's federal and New York state trademark registrations for its "waffle" shoe sole design. For the reasons stated below, the motion is granted.

## Background

Aerogroup is in the business of purchasing and distributing shoes, including "Aerosoles," which plaintiff describes as a lightweight, flexible women's shoe. Aerosoles are manufactured in various factories in Europe and Sri Lanka, and sold in large quantities throughout the United States, Canada, and other parts of the world. Aerogroup claims intellectual property rights in connection with the Aerosoles shoe.

Aerogroup also acts as a buying agent for private label footwear. The designs Aerogroup offers to its private label customers are "knock offs" of the Aerosoles' designs. The Aerogroup private label shoes are manufactured in China and cost less at retail than Aerosoles.

Defendant Marlboro Footworks Ltd. ("Marlboro") is a buying agent. It is in the business of importing, selling, and distributing shoes from the Far East to the United States and .Canada. The other corporate defendants are businesses for whom Marlboro has ordered shoes. Since 1994, Marlboro has engaged in an active campaign to knock off Aerosoles. It manufactures its Aerosoles knock offs at the same Chinese factory complex which manufactures plaintiff's private label shoes. Marlboro's custom-

ers sell to consumers in the United States and Canada.

One of the items of intellectual property claimed by Aerogroup at trial was a registered trademark, Reg. No. 1,953,875, covering the waffle-shaped pattern on the soles of its Aerosoles brand and private label shoes. The pattern can be described as "an array of a plurality of diamond or rhombic recessed patterns on the sole of women's low and high heel fashion shoes." Aerogroup first used the waffle pattern in 1985. In May 1991, the Patent and Trademark Office ("PTO") refused to register the waffle trademark because it found the design a "decorative or ornamental feature" of the shoes, and not an indicator of source. On July 25, 1991, the State of New York issued trademark registration No. R–26601 on the waffle sole. On February 6, 1996, the PTO issued a Section 2(f) trademark registration for the waffle sole, No. 1,953,875, based on the *ex parte* submissions of Aerogroup which showed that the waffle sole had developed secondary meaning within the relevant market. As of the trial, Aerogroup had never used the waffle trademark with a "TM" symbol or the "registered" symbol.

After trial, this Court held, in the alternative: (1) that despite the fact that the waffle trademark was registered and entitled to a presumption of distinctiveness, it lacked both inherent and acquired distinctiveness and was thus not protectable; and (2) that the allegedly infringing Marlboro shoe sole was not similar in overall appearance to the Aerosoles waffle sole and that therefore there was no likelihood of confusion.[1]

In a counterclaim, the Marlboro Defendants' seek cancellation of the waffle sole trademark. The counterclaim alleges that Aerogroup's initial trademark application was rejected and that Aerogroup obtained the Section 2(f) registration without informing the PTO of its private label sales. The counterclaim states that the waffle sole

trademark is invalid because it "lacks trademark distinctiveness and does not function as an indicator of a single source of products."

## Discussion

Aerogroup has asserted as its sole defense to this motion the argument that Marlboro lacks standing to challenge its trademark registration of the waffle sole. For the reasons stated below, I hold that Marlboro has standing and that the waffle trademark registration should be cancelled.

The Lanham Act permits courts to cancel the registration of a trademark. 15 U.S.C. § 1119 ("[i]n any action involving a registered mark the court may ... order the cancellation of registrations"); *Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4, 13 (2d Cir.1976); *Gear, Inc. v. L.A. Gear Cal., Inc.*, 670 F.Supp. 508, 512 (S.D.N.Y. 1987), *vacated in part pursuant to settlement*, 13 U.S.P.Q.2d 1655, 1989 WL 407456 (S.D.N.Y.1989). *See also* 15 U.S.C. § 1064 (noting that a party may petition to cancel the registration of a trademark, if that party "believes that he is or will be damaged by the registration of a mark on the principal register").

### Standing

 In order to establish standing to cancel a trademark registration,

All the Lanham Act requires is that the cancellation petitioner plead and prove facts showing a "real interest" in the proceeding....

*International Order of Job's Daughters v. Lindeburg & Co.*, 727 F.2d 1087, 1092 (Fed. Cir.1984). Aerogroup argues that Marlboro cannot establish standing because this Court has found that there is no likelihood of confusion between the Aerogroup's waffle trademark and Marlboro's shoe soles. There is no requirement, however, that in the context of a counterclaim for cancellation a challenger must prove likelihood of confusion.[2] For ex-

---

**1.** While both soles had a pattern containing recesses, the Marlboro shoe sole was different in that (1) it contained squares with ninety-degree angled lines, instead of diamonds; (2) it contained crosses in the middle of the square shapes; and (3) the recesses were shallower than

in the Aerosoles version. These differences created a sufficiently different overall appearance that an ordinary consumer would not be likely to confuse the two soles.

**2.** In support of its position, Aerogroup cites, among other authority, *D.M. & Antique Import*

ample, in *Orient Express Trading Co. v. Federated Dep't Stores, Inc.*, 842 F.2d 650 (2d Cir.1988), the Second Circuit upheld the cancellation of plaintiff's trademark despite the fact that it also found that there was no likelihood of confusion. *Id.* at 654. By prevailing in an infringement action, a defendant does not lose standing to bring its counterclaim for cancellation. *Procter & Gamble Co. v. Johnson & Johnson Inc.*, 485 F.Supp. 1185, 1212 (S.D.N.Y.1979), *aff'd,* 636 F.2d 1203 (2d Cir.1980). Having been sued for trademark infringement, Marlboro has the requisite injury to confer standing. *Id. See also Mechanical Plastics Corp. v. Titan Technologies, Inc.*, 823 F.Supp. 1137, 1150 (S.D.N.Y.1993), *aff'd,* 33 F.3d 50 (2d Cir. 1994). In these circumstances, Marlboro cannot be considered a "mere intermeddler" whose lack of standing would bar it from prosecuting its counterclaim. *International Order of Job's Daughters,* 727 F.2d at 1092.

*Grounds for Cancellation*

■ Under the Lanham Act, registrations less than five years old may be cancelled "for any reason which would have been sufficient to deny registration in the first instance." *Mechanical Plastics Corp.,* 823 F.Supp. at 1150. *See also International Order of Job's Daughters,* 727 F.2d at 1091, 3 J. Thomas McCarthy, *McCarthy on Trademarks & Unfair Competition* § 20:52, at 20–89 to 20–90 (4th ed.1996). Similarly, New York state law provides that the secretary of state shall cancel registrations "[w]hen a court of competent jurisdiction shall order cancellation of a registration on any ground." N.Y. Gen. Bus. Law § 367 (McKinney 1996). *See also DCA Food Indus. Inc. v. Hawthorn Mellody, Inc.*, 470 F.Supp. 574, 582 (S.D.N.Y.1979) (federal court has jurisdiction to hear New York state cancellation claim).

■ In order to be entitled to trademark protection, a mark must be distinctive. *Gruner + Jahr USA Pub. v. Meredith Corp.*, 991 F.2d 1072, 1075 (2d Cir.1993). Trade-

marks may satisfy this criteria by being either inherently distinctive, or by "acquir[ing] distinctiveness by gaining in the mind of consumers a secondary meaning associating the trade dress [or mark] with the product's source." *L. & J.G. Stickley, Inc. v. Canal Dover Furniture Co.*, 79 F.3d 258, 262 (2d Cir.1996).

■ Aerogroup's waffle trademark is not entitled to trademark protection. As this Court held in the October 21, 1996 Opinion, Aerogroup's waffle sole lacks inherent distinctiveness because it is a product design and is a mere decorative and ornamental feature of the goods that does not indicate source.[3] The significance of a trademark's being utilitarian or ornamental was recently discussed by the Second Circuit in *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996 (2d Cir.1995), where the court, quoting the Restatement, noted that:

> "Product designs are more likely to be seen merely as utilitarian or ornamental aspects of the goods.... Product designs are therefore not ordinarily considered inherently distinctive and are thus normally protected only upon proof of secondary meaning."

*Id.* at 1008 (quoting Restatement (Third) of Unfair Competition § 16, cmt. b (1995)).

■ In addition, as this Court held in the October 21 Opinion, the trademark does not serve primarily as a designator of origin of the product and thus lacks secondary meaning—or acquired distinctiveness. To ascertain whether a mark has acquired secondary meaning, a court must ask whether the mark "is 'likely to serve primarily as a designator of origin of the product.'" *Knitwaves,* 71 F.3d at 1008 (quoting *Duraco Prods., Inc. v. Joy Plastic Enterprises, Ltd.*, 40 F.3d 1431, 1449 (3d Cir.1994)). At trial the evidence established that Aerogroup had engaged in extensive private labelling of its shoes—that is, Aerogroup sells less expensive versions of its Aerosoles shoes to other companies who

Corp. v. Royal Saxe Corp., 311 F.Supp. 1261, 1269 (S.D.N.Y.1969), for the proposition that when there is a finding of no likelihood of confusion there can be no standing to cancel. But this case involved a plaintiff coming in to court and requesting the cancellation of defendant's mark. Here, however, Marlboro is requesting cancellation by way of a counterclaim in an infringement

lawsuit, and Marlboro has unquestionably been injured by the fact that Aerogroup has filed suit against it for infringement.

3. The PTO reached this same conclusion when it initially rejected Aerogroup's application for registration of the waffle sole trademark.

place their own brand names on the shoes. All of these shoes had the waffle sole, and yet had brand names other than Aerosoles attached to them. Twenty-five percent of Aerogroup's volume of shoe sales were to these private label customers. In some instances, Aerogroup's private label customers even placed their own names directly on the shoe soles and advertised the sole as theirs. For example, the shoes Aerogroup manufactured for Bass and Canyon River Blues have the brand name incorporated onto the waffle sole. Aerogroup manufactured a tag for Sears that is attached to Sears' private label footwear sold under the name Trader Bay. The tag contains a picture of the waffle sole with copy that reads "the soul of TRADER BAY.... And molded air pockets in a patented sole." Because of this evidence regarding Aerogroup's private label practices, this Court found it highly unlikely that consumers would associate the waffle sole with a single albeit anonymous source. In addition, Aerogroup's advertising has not featured the waffle sole in a way that would permit consumers to distinguish its particular geometric design from other designs. Finally, Aerogroup failed to supply adequately persuasive evidence, such as consumer surveys, that consumers associate the waffle sole with a single source.

Accordingly, the waffle trademark lacks both inherent and acquired distinctiveness, and thus is not entitled to trademark protection. Aerogroup does not dispute that this Court's holding in the Opinion of October 21, 1996 is sufficient to require the cancellation of the registration of the waffle sole trademark.

### Conclusion

Based on the evidence presented at trial, and for the reasons stated above, a verdict in favor of Marlboro is entered on Counts IV–VI of Marlboro's counterclaim, and the registrations of Aerogroup's waffle sole trademark, federal Reg. No. 1,953,875 and New York registration No. R–26601, are cancelled.

SO ORDERED.